IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



| CYNTHIA OYLER, | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | SA-21-CV-1057-XR |
| v. | § | |
| | § | |
| AUSPERO ENTERPRISES, LP, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

On this date, the Court considered Plaintiff's motion to substitute service of process and for an additional thirty days to effectuate service. ECF No. 5. After careful consideration, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## BACKGROUND

On October 28, 2021, Plaintiff Cynthia Oyler ("Plaintiff")[1] filed a complaint against Defendant Auspero Enterprises, LP ("Defendant")[2], asserting violations of the Americans with Disabilities Act ("ADA") and ADA Accessibility Guidelines. ECF No. 1 ¶¶ 25–31. That same day, the Clerk's Office issued a summons as to Defendant. ECF No. 3.

After ninety days from the date of the filing of the complaint, there was no indication that Defendant had been served. *See* ECF No. 4 at 1. Therefore, on January 27, 2022, the Court issued an order, requiring Plaintiff to show cause as to why this case should not be dismissed under FED. R. CIV. P. 4(m). *Id.* at 1–2. On February 28, 2022, Plaintiff filed the instant motion requesting

---

[1] The complaint identifies the plaintiff as "Cynthia Oyler." *See* ECF No. 1. The instant motion, however, identifies the plaintiff as "Ryan Pflipsen." *See* ECF No. 5. The Court assumes that the name in the instant motion is a typographical error and continues to recognize Cynthia Oyler as the plaintiff in this case.

[2] The complaint identifies the defendant as "Auspero Enterprises, LP." *See* ECF No. 1. The Texas Secretary of State's records attached as an exhibit to the instant motion, however, identifies the defendant as "AusPro Enterprises, L.P." *See* ECF No. 5 at 8.

permission to effectuate substituted service on Defendant, as well as an additional thirty days to effectuate service on Defendant. ECF No. 5.

## DISCUSSION

### I.   Substituted Service

Plaintiff seeks the Court's permission to effectuate substituted service on Defendant, "either by certified mail, return receipt requested, or by posting a copy on [Defendant's] gate or front door at 1516 S. Lamar Boulevard, Suite 325, Austin, Texas 78210." ECF No. 5 at 5. According to records from the Texas Secretary of State attached as an exhibit to the instant motion, Defendant is a domestic limited partnership. *See id.* at 8.

"[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010). Federal Rule of Civil Procedure 4(h), in particular, provides that a "partnership" may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual[.]" FED. R. CIV. P. 4(h)(1)(A). Federal Rule of Civil Procedure 4(e)(1), in turn, provides, in relevant part, that a plaintiff may effectuate service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located[.]" FED. R. CIV. P. 4(e)(1).

In Texas,

> [u]nless the citation or court order otherwise directs, the citation must be served by: (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2)

> mailing to the defendant by registered or certified mail, return
> receipt requested, a copy of the citation and of the petition.

Tᴇx. R. Cɪᴠ. P. 106(a)(1)–(2). Texas law also authorizes service "in any other manner . . . that . . . will be reasonably effective to give the defendant notice of the suit." *Id.* at 106(b)(2). To do so, a plaintiff must file a:

> motion supported by a statement—sworn to before a notary or made
> under penalty of perjury—listing any location where the defendant
> can probably be found and stating specifically the facts showing that
> service has been attempted under (a)(1) or (a)(2) at the location
> named in the statement but has not been successful[.]

*Id.* 106(b).

In her motion, Plaintiff submits that, "[a]s set out in the affidavit[] and other supporting materials attached, . . . Plaintiff's counsel had substantial contact for some time with . . . Defendant—as well as multiple service attempts at what might be the Defendant's alternate address[.]" ECF No. 5 ¶ 9. Plaintiff further claims that she "was forced to initiate a second round of personal service attempts because Defendant apparently lived at another address not initially reported through the secretary of state, but not available online." *Id.* Based on these unsuccessful efforts to personally serve Defendant, Plaintiff argues that Defendant "appear[s] to have demonstrate a pattern of conduct likely intentionally designed to frustrate [her] efforts at service[.]" *Id.* ¶ 10. The cited affidavit, however, does not support Plaintiff's version of events.

To be sure, Plaintiff has attached to her motion an affidavit from process server Ryan Allan McDonald dated February 28, 2022. *See* ECF No. 5 at 9. The affidavit shows that, on three occasions, McDonald attempted to effectuate service on Defendant through Michael Kleinman, the registered agent listed for Defendant on the Texas Secretary of State's website. *See id.* at ¶ 3, 8–9. In his affidavit, McDonald submits that, at 12:19 p.m. on December 7, 2021, he attempted to effectuate service on Defendant through Kleinman at 1516 S. Lamar Boulevard, Suite 325, Austin,

Texas 78704—the address listed on the Texas Secretary of State's website. *See id.* 8–9. Later that same day, at 3:58 p.m., McDonald attempted for a second time to effectuate service on Defendant through Kleinman at the same address, but he was again unsuccessful. *See id.* at 9. According to Plaintiff, "Defendant's representative directed [McDonald] to 1710 Giles Street, Austin, Texas 78772[.]" *Id.* ¶ 7. McDonald's affidavit appears to support Plaintiff's assertion, stating that, at 3:29 p.m. on January 17, 2022, McDonald attempted to effectuate service on Defendant at a house located at 1710 Giles Street, Austin, Texas 78722. *See id.* at 9. Once again, however, he was unsuccessful. *Id.* McDonald's affidavit notes that the house at this address appeared to be abandoned and that a neighbor across the street confirmed that no one lived at the house. *Id.*

While McDonald's affidavit confirms that Plaintiff attempted to thrice effectuate service on Defendant, it does not establish that Defendant is evading service. Indeed, McDonald's affidavit contains no information suggesting that Defendant or its registered agent Kleinman were even aware of Plaintiff's efforts to effectuate service. At best, the affidavit shows that McDonald twice attempted, on the same day a mere three and half hours apart, to effectuate service on Defendant through Kleinman at one address, and subsequently attempted to effectuate service on Defendant at a distinct address—the relevance of which remains unclear based on McDonald's affidavit. "The settled rule in [Texas] is that the manner of service must strictly comply with the rules." *Smith v. Com. Equip. Leasing Co.*, 678 S.W.2d 917, 918 (Tex. 1984). McDonald's affidavit, however, fails to state "*specifically* the facts showing service has been attempted" under TEX. R. CIV. P. 106(a)(1) or (2). TEX. CIV. P. 106(b) (emphasis added). Service in any other manner that will be reasonably effective to give Defendant notice of this suit is therefore not appropriate. *See Virgin Recs. Am., Inc. v. Metoyer*, No. CIV A H-07-494, 2007 WL 1577769, at *1 (S.D. Tex. May 29, 2007) (citing *Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757, 758 (Tex. App.—Dallas 1986, no

pet.)) ("[W]hen the record does not reflect strict compliance, service and the return of citation renders the attempted service of process void and invalid.").

Nonetheless, the Federal Rules of Civil Procedure permit Plaintiff to effectuate service on Defendant in accordance with Texas law, *see* FED R. CIV. P. 4(e)(1), (h), and Texas law authorizes Plaintiff to effectuate service on Defendant by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition[,]" TEX. R. CIV. P. 106(a)(2). Therefore, Plaintiff is entitled to part of the relief she seeks in her motion, namely permission to effectuate service on Defendant "by certified mail, return receipt requested[.]" ECF No. 5 at 5. In Texas, "[t]he registered agent and each general partner of a limited partnership are its agents for service of process, subject to certain exceptions for service on the Secretary of State[.]" *Atrium Med. Ctr., L.P. v. Lange Mech. Servs., L.P.*, No. 14-12-00364-CV, 2013 WL 269037, at *2 (Tex. App.—Houston [14th Dist.] Jan. 24, 2013, no pet.) (citing TEX. BUS. ORGS. CODE §§ 5.201(b)(1), 5.251, 5.255(2)). "In order to effectuate service of process, Texas law requires that particular information be included in the return of service, including the address served and the date of service or attempted service." *Gardner v. Specialized Loan Servicing LLC*, No. 3:19-CV-1391-S-BN, 2019 WL 5790516, at *8 (N.D. Tex. Oct. 7, 2019), *report and recommendation adopted*, 2019 WL 5790264 (N.D. Tex. Nov. 5, 2019) (citing TEX. R. CIV. P. 107(b)) (internal quotations omitted). "And Texas law requires that the return receipt be signed by the addressee whenever certified mail has been selected as the method of delivering service." *Id.* (citing TEX. R. CIV. P. 107(c)).

As a result, Plaintiff may effectuate service on Defendant by certified or registered mail, return receipt requested, in accordance with the Federal and Texas Rules of Civil Procedure.

## II.    Extension of Time

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). To show good cause, a party must demonstrate "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice[.]" *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Additionally, there usually must be "some showing of good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified[.]" *Id.* (internal quotations omitted). The Court may also allow an extension, even when no good cause is shown. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

As confirmed by his affidavit, McDonald's multiple attempts to effectuate service on Defendant establish sufficient good cause for the requested extension.

## CONCLUSION

Accordingly, Plaintiff's motion to substitute service of process and for an additional thirty days to effectuate service is hereby **GRANTED IN PART** and **DENIED IN PART**. No later than **May 2, 2022**, Plaintiff may effectuate service on Defendant by registered or certified mail, return receipt requested, in accordance with the Federal and Texas Rules of Civil Procedure.

It is so **ORDERED**.

**SIGNED** this April 1, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE