IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CYNTHIA OYLER,<br>   *Plaintiff,* | § § § § § § § § § | SA-21-CV-01057-XR |
| v. | | |
| AUSPERO ENTERPRISES, LP,<br>   *Defendant.* | | |

**ORDER**

On this date, the Court considered the status of this case. On October 28, 2021, Plaintiff Cynthia Oyler ("Plaintiff") filed a complaint against Defendant Auspero Enterprises, LP ("Defendant"), asserting violations of the Americans with Disabilities Act ("ADA") and ADA Accessibility Guidelines. ECF No. 1 ¶¶ 25–31. That same day, the Clerk's Office issued a summons as to Defendant. ECF No. 3.

After ninety days from the date of the filing of the complaint, there was no indication that Defendant had been served. *See* ECF No. 4 at 1. Therefore, on January 27, 2022, the Court issued an order requiring Plaintiff to show cause as to why this case should not be dismissed under FED. R. CIV. P. 4(m). *Id.* at 1–2.

On February 28, 2022, Plaintiff filed a motion requesting permission to effectuate substituted service on Defendant, as well as an additional thirty days to effectuate service on Defendant. ECF No. 5. On April 1, 2022, the Court issued an order granting in part and denying in part Plaintiff's motion. ECF No. 6. In so doing, the Court noted that the Federal Rules of Civil Procedure permit Plaintiff to effectuate service on Defendant in accordance with Texas law, *see* FED R. CIV. P. 4(e)(1), (h), and that Texas law authorizes Plaintiff to effectuate service on

Defendant by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition[,]" TEX. R. CIV. P. 106(a)(2). "Therefore," the Court found, "Plaintiff is entitled to part of the relief she seeks in her motion, namely permission to effectuate service on Defendant by certified mail, return receipt requested." ECF No. 6 at 5. Accordingly, the Court permitted Plaintiff to effectuate service on Defendant by registered or certified mail, return receipt requested, in accordance with the Federal and Texas Rules of Civil Procedure, no later than May 2, 2022. *Id.* at 6.

On April 28, 2022, Plaintiff filed a certificate of service purporting that she had "successfully served Defendant's registered agent, Michael Kleinman, at 1516 South Lamar Boulevard, Suite 325, Austin, Texas 78704 via USPS certified mail per prior Order of the Court." ECF No. 9 at 1. The exhibit attached to certificate of service, however, merely stated, "Your item was delivered to the front desk, reception area, or mail room at 12:20 pm on April 26, 2022 in AUSTIN, TX 73301." ECF No. 9-1 at 1. Nowhere in the exhibit was there any indication that Defendant was actually served certified mail, return receipt requested or that the return receipt was "signed by the addressee[.]" *Gardner v. Specialized Loan Servicing LLC*, No. 3:19-CV-1391-S-BN, 2019 WL 5790516, at *8 (N.D. Tex. Oct. 7, 2019), *report and recommendation adopted*, 2019 WL 5790264 (N.D. Tex. Nov. 5, 2019) (citing TEX. R. CIV. P. 107(c)).

Thus, on May 2, 2022, the Court issued an order informing Plaintiff that she had not properly effectuated service on Defendant. ECF No. 10. Nonetheless, the Court offered Plaintiff one final opportunity to properly effectuate service on Defendant, no later than June 1, 2022. *Id.* at 3. The Court cautioned Plaintiff "that service must comply with any and all Federal and Texas Rules of Civil Procedure, including but not limited to those rules discussed in the Court's order at

ECF No. 6." *Id.* The Court further cautioned Plaintiff that "[f]ailure to properly effectuate service on Defendant will result in this case being dismissed without prejudice[.]" *Id.*

To date, Plaintiff has neither filed a proof of service showing that she has properly effectuated service on Defendant nor requested an extension to do so. As a result, the Court has authority to dismiss this action under FED. R. CIV. P. 4(m) for failure to serve. *See* FED. R. CIV. P. 4(m) ("If a defendant is not served . . . the court . . . must dismiss the action[.]").

Accordingly, this case is hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk's Office is **DIRECTED** to close this case.

It is so **ORDERED**.

**SIGNED** this June 9, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE